IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOE F. COOPER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 10-1118-LPS |
| STEPHEN MECHANICK, et al., | : |
| Defendants. | : |

Joe F. Cooper, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 8, 2012
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Joe F. Cooper. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] He also raises supplemental State claims. Plaintiff is currently housed at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.[2]

## II. BACKGROUND

Plaintiff is housed at the HRYCI. Plaintiff alleges that his criminal defense attorneys, Defendants Sean A. Motoyoshi ("Motoyoshi") and John S. Edinger ("Edinger"), coerced him into "taking a plea." Plaintiff "wrote up" his attorneys for malpractice to the Office of Disciplinary Counsel, but Defendant Patricia B. Schwartz ("Schwartz") denied his claims. (D.I. 2)

Plaintiff alleges that Defendant Dr. Mensch ("Dr. Mensch") told him he needed an evaluation at a psychiatric center, but that prosecutors – Defendants Karin M. Volker ("Volker") and Shawn E. Martyniak ("Martyniak") – and Superior Court Judge William C. Carpenter

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] The Complaint named an additional plaintiff, James Cooke ("Cooke"). Because Plaintiff's and Cooke's claims were unrelated, a new case was opened for Cooke. The Court does not consider, and strikes, Cooke's allegations found at paragraph IV.2. of the Complaint. (D.I. 2)

1

("Judge Carpenter") allowed an improper evaluation to take place.[3] Plaintiff alleges that the State used a biased expert, Defendant Dr. Stephen Mechanick ("Mechanick"). Plaintiff further contends that his sentence and mental illness evaluation "needs to be done over the right way." (D.I. 2)

Plaintiff alleges: (1) malpractice by Edinger, Motoyoshi, the Public Defender's Office,[4] and Mechanick; (2) violations of Canon law by Edinger, Motoyoshi, and Judge Carpenter; (3) biased testimony by witness Mechanick; and (4) conspiracy.[5] He seeks an investigation and compensatory damages.

### III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis*

---

[3]It appears that the evaluation took place at the HRYCI.

[4]While not a named defendant, Plaintiff alleges that the Office of the Public Defender committed malpractice in its hiring practices. The Office of the Public Defender is an agency of the State of Delaware, created by the General Assembly to represent indigent defendants in criminal cases. 29 Del. C. § 4602. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Plaintiff's claim against the Office of the Public Defender is barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001).

[5]Plaintiff does not identify his theory of liability against Schwartz, who is an attorney with the Office of Disciplinary Counsel. The Office of Disciplinary Counsel is an arm of the Supreme Court of Delaware, which assists the Court in regulating the practice of law. *See* http://courts.delaware.gov/odc/counsel.htm. Plaintiff's claim that Schwartz somehow violated his rights when she denied the "malpractice" claims he filed against his defense counsel is frivolous, and the Court will dismiss the claim against Schwartz.

actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Habeas Corpus

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Furthermore, a plaintiff cannot recover

under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of a conviction or duration of a sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering *Heck* and summarizing the interplay between habeas and § 1983 claims, the Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. To the extent Plaintiff seeks damages for his current incarceration, his claim is frivolous and will be dismissed.

B. **State Actor**

Plaintiff raises claims against Delaware Assistant Public Defenders Edinger and Motoyoshi, State-retained witness/private psychiatrist Dr. Mechanick,[6] and private

---

[6]Dr. Mechanick is immune from civil liability since, as a witness who provided testimony, he is cloaked with absolute immunity from liability. *See Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001) ("Witnesses, including public officials and private citizens, are immune from civil damages based upon their testimony."). To the extent Plaintiff claims Dr. Mechanick committed malpractice, the Court finds the claim frivolous and it will be dismissed.

neuropsychologist Dr. Mensch.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law," a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312 (1981). The other defendants are private individuals who, in some fashion, have been involved in Plaintiff's criminal case. These private individuals are not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004).

Accordingly, Plaintiff's § 1983 claims against Edinger, Motoyoshi, Dr. Mechanick, and Dr. Mensch have no arguable basis in law or in fact. Therefore, these claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

C. **Judicial Immunity**

Plaintiff alleges that Judge Carpenter allowed an improper mental evaluation of Plaintiff. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotation marks omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* (internal quotation marks omitted). Here the allegations against Judge

Carpenter relate to actions he make in his judicial capacity. The Complaint contains no allegations that Judge Carpenter acted outside the scope of his judicial capacity, or in the absence of his jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judge Carpenter is immune from suit. The claims against him lack an arguable basis in law or in fact and, therefore, will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Prosecutorial Immunity

Plaintiff alleges that prosecutors Volker and Martyniak allowed an improper mental evaluation of Plaintiff. A state prosecuting attorney is absolutely immune from liability pursuant to 42 U.S.C. § 1983 when the prosecutor's actions are related to the initiation and prosecution of a criminal action. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity extends to responsibilities discharged in court, such as the presentation of evidence or legal argument, as well as selected out-of-court behavior "intimately associated with the judicial phase[s]" of litigation. *Id.* at 430. "[T]he duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of prosecution and actions apart from the courtroom." *Id.* at 431 n.33.

Courts confronted with claims challenging a prosecutor's actions must utilize a functional analysis to determine whether or not the prosecutor acted within his or her "judicial capacity" when attempting to apply absolute immunity. *See Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008). Under the functional approach, a prosecutor enjoys absolute immunity for actions performed in a judicial or "quasi-judicial" capacity. *Id.* Therefore, absolute immunity "attaches to actions 'intimately associated with the judicial phases of litigation,' but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." *Id.* (internal

citations omitted). Further, actions that relate to the prosecutor's role as an advocate are "judicial" actions. *See Mancini v. Lester,* 630 F.2d 990, 993 (3d Cir. 1980).

The doctrine of absolute prosecutorial immunity also precludes conspiracy-based claims. *See, e.g., Savage v. Bonavitacola,* 2005 WL 568045 (E.D. Pa. Mar. 29, 2005) (dismissing, based on prosecutorial immunity, plaintiff's allegation that district attorney and other defendants acted in concert and conspired to deprive him of federal constitutional rights); *Hull v. Mallon,* 2001 WL 964115 (E.D. Pa. Aug. 21, 2001) ("When the underlying activity is cloaked with prosecutorial immunity, a conspiracy claim is similarly precluded . . .").

Here, Plaintiff alleges that the prosecutors' actions violated his constitutional rights during the change of plea and sentencing stages of his criminal case. As described, the alleged acts occurred during judicial proceedings and required advocacy on the part of the prosecutors; therefore, these acts are within the realm of prosecutorial functions. Hence, even if Plaintiff's allegations are true, the prosecutors are immune from liability for their actions. Plaintiff's claims have no arguable basis in law or in fact. Thus, the claims are frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### E. Conspiracy

Plaintiff alleges that Dr. Mechanick conspired with the State. For a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by defendants with the specific intent to violate that right. *See Williams v. Fedor,* 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd,* 211 F.3d 1263 (3d Cir. 2000); *see also Parkway Garage, Inc. v. City of Phila.,* 5 F.3d 685, 700 (3d Cir. 1993) (stating plaintiff must show that two or more conspirators reached agreement to deprive him or her of constitutional

right under color of law).

The allegations are conclusory. In addition, the Complaint does not contain sufficient allegations that indicate a deprivation of Plaintiff's constitutional rights or that Defendants reached an agreement to deprive Plaintiff of his constitutional rights. Therefore, the conspiracy claim will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

F.  **Supplemental Claims**

Because the Complaint fails to state a federal claim, the Court declines to exercise jurisdiction over Plaintiff's supplemental state law claims. 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

V.  **CONCLUSION**

For the reasons discussed, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).[7] Amendment of the Complaint is futile.

An appropriate Order follows.

---

[7]There are Defendants listed in the caption of the Complaint in addition to those discussed in this Memorandum Opinion. However, the Complaint makes no claims against these other Defendants and, accordingly, they, too, will be dismissed.